**In re TJN, INC., Debtor.**

**TJN, INC., Plaintiff,**

**v.**

**SUPERIOR CONTAINER CORPORATION, Cal Western, Inc.; California State Bank; John T. Thompson; Jimmy R. Phelps; Thompson Leasing Co., LLC; and Phelps Leasing, LLC, Defendants.**

**Bankruptcy No. 94–73386–W.**
**Adv. Proceeding No. 96–8108–W.**

United States Bankruptcy Court,
D. South Carolina.

Nov. 26, 1996.

Barbara Barton, Columbia, SC, for TJN, Inc.

William Short, Columbia, SC, for Superior Container Corporation and Cal Western, Inc.

## ORDER

JOHN E. WAITES, Bankruptcy Judge.

This matter comes before the Court as a result of a request for sanctions against Defendants Superior Container Corporation and Cal Western, Inc. (hereinafter referred to as "Superior" and "Cal West") contained in a Motion to Compel filed by the Plaintiff on October 10, 1996. An initial Motion to Compel against Superior and Cal West was decided by way of Order entered September 23, 1996. A second Order was entered on November 4, 1996 (the "Order Compelling Discovery") which determined that Superior and Cal West had not complied with discovery requests and this Court's prior Orders, but provided that the issue of sanctions resulting from such non-compliance would be taken under advisement.

This Court has previously ordered production of all of the information which the Plaintiff seeks. An Order entered August 8, 1996, specifically addressed the issue of maintenance, operational and repair records and the issue of insurance information to be provided by Superior and Cal West. An Order entered September 23, 1996 restated that requirement and further required the production of the information requested in the Plaintiff's discovery served on August 6, 1996. The September 23, 1996 Order also provided that sanctions would be levied in the event that compliance did not occur by September 27, 1996. After review, it is apparent that the Defendants did not comply and adequately provide the information as of October 30, 1996, the date of the hearing in this matter.

At the hearing, the parties addressed at length only portions of the entire discovery request; Interrogatory No. 15, Interrogatory No. 21 and Motion to Produce No. 2. However, this presentation was sufficient to allow the Court to determine that the Defendants had not properly provided all the discovery requested and that they were in violation of this Court's prior Orders.

At the Court's direction, during a recess from the hearing, the parties met to determine whether a resolution of the remaining numerous discovery defects was possible. The Order Compelling Discovery of November 4, 1996, which is based upon the agreement reached by the parties resulting from such conference, further indicates that additional answers or modifications to the discovery responses by the Defendants would be needed and that therefore the Defendants had not complied with discovery in a number of other areas.

Given the passage of almost three months since the discovery was originally served and the entry of the Order of August 8, 1996, the continuing request for responses by the Plaintiff, and the number of hearings dedicated to this quest for adequate responses; there appears no reasonable basis for the continuing failure to provide the information to the Plaintiff.

One example of the failure of Superior and Cal West to comply can be found by reference to the issue of insurance coverage. Although the Court ordered Superior and Cal West to provide specific information to the Plaintiff by way of the Order of August 8, 1996, Superior and Cal West did not comply. No reasonable or acceptable justification for

this non-compliance was presented. At the hearing on October 30, 1996, Superior and Cal West explained that they had simply been unable to obtain such information. Considering the circumstances of this case, such an explanation is difficult to accept.

Superior purchased certain equipment (the "Equipment") through an Order issued by this Court in December of 1994. The Equipment was sold to Superior for a sum in excess of $4,000,000.00 with the Plaintiff retaining a lien on the Equipment. Cal West, a related entity, guaranteed the debt to the Plaintiff. From the outset of this adversary proceeding in which the Plaintiff, *inter alia,* seeks to recover the Equipment based upon an alleged default in the agreement(s) by Superior and Cal West, the Plaintiff has asserted questions regarding the condition, location and possession of the Equipment and its possible subsequent transfer. Superior and Cal West, through counsel, consistently denied the transfer at the first several hearings. However, it appeared to the Court that it was incumbent upon the owner and possessor of the Equipment to maintain insurance coverage on it and to provide information of such insurance to the Plaintiff. The Court specifically ordered these Defendants to provide that information. It has now come to light that the Equipment was transferred to a common principal of both Superior and Cal West, but that it is still being used to produce cans by one of these Defendants. In this context, it is implausible, as Superior and Cal West contend, that they have simply been unable to obtain correct information from their insurance agency in spite of three months of diligent effort. In addition, at times during this proceeding, Superior and Cal West have displayed conflicting and unclear insurance endorsements which further raised significant questions regarding the location and possession of the Equipment and whether it is in fact effectively insured.

Additionally, in response to the first Motion to Compel and after a hearing, this Court issued an Order entered September 23, 1996 requiring these Defendants' compliance with Plaintiff's discovery and setting forth significant prescriptive sanctions in the event of non-compliance.[1] The September 23, 1996 Order did not impose sanctions at that time but was intended to demonstrate to Superior and Cal West the seriousness and importance of timely, accurate and complete responses to the discovery. Those sanctions, if imposed for the period between September 29, 1996 and October 30, 1996, would total $77,500.00. Despite that Order, inadequate or incomplete discovery responses were provided to the Plaintiff on September 29, 1996[2]. Further documentation and responses were apparently provided periodically by Superior and Cal West since that date, culminating in an attempt by them to amend their responses through delivery at 8:45 p.m. the evening before the hearing.

From the presentation at the hearing, the Court finds that Superior and Cal West failed to adequately respond to the discovery requests and that such failure is without substantial justification whether such a failure was due to an intentional desire to obstruct these proceedings or a colossal lack of regard for their duty to respond. The Court is equally satisfied that prior to its motion, the Plaintiff made a good faith effort to obtain the discovery responses and information without having to ask this Court to again intervene. Under these standards, the Defendant's conduct is sanctionable under Rule 37 of the Federal Rules of Civil Procedure.[3]

The actions of Superior and Cal West have required a substantial amount of time and expense from the Plaintiff. Two Motions to Compel have been filed and at least three hearings have been held, all to address the issue of non-compliance with discovery and Superior and Cal West's continuing refusal to provide complete discovery responses. At

---

1. The Court notes that the September 23, 1996 Order was not appealed.

2. A two day delay beyond the Court ordered deadline was consented to by the Plaintiff in order to obtain copies of the discovery.

3. Further references to the Federal Rules of Civil Procedure shall be by reference to Rule Number only.

the hearing on the second Motion to Compel, the Plaintiff estimated the amount of time spent by attorneys on this discovery alone to exceed 250 hours. A subsequent affidavit, submitted by the Plaintiff, more precisely describes the total cost of time and fees spent in attempting to elicit discovery responses as $30,618.50.

The September 23, 1996 Order clearly states:

> Failure to comply with this Order shall result in sanctions against the Defendants separately or jointly at a rate of $2,500 per day, said amount to continue to accrue daily, including weekends and holidays, up to the day and time that full and complete responses to Plaintiff's Discovery Requests and the Order are submitted to the Plaintiff.

This Court believes that the requirement to fully respond was made clear both in open Court and in its Orders.

■ The Court's authority and ability to levy sanctions as a result of this type of behavior is clear. "District courts enjoy nearly unfettered discretion to control timing and scope of discovery and impose sanctions for failure to comply with its discovery orders." *Mutual Federal Savings & Loan Association v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir.1989); *Hinkle v. City of Clarksburg*, 81 F.3d 416, 426 (4th Cir.1996). Rule 37(a) provides for the imposition of sanctions upon an initial determination of non-compliance with discovery requests. The Court could have reasonably imposed such sanctions in its September 23, 1996 Order, but allowed the Defendants another chance to comply. Pursuant to Rule 37(b), harsher sanctions are now available and should be imposed. Such sanctions could include holding the Defendants in default with regard to their responses, denying the Defendants the ability to use any of the information to support their position or deny the Plaintiff's allegations, and other sanctions which would impact the Defendants' rights to present their defenses in this litigation. *Mutual Federal Savings & Loan Association v. Richards & Associates, Inc.*, 872 F.2d 88 (4th Cir.1989). The Court may also impose sanctions upon counsel for the Defendants. *In re*

*Howe*, 800 F.2d 1251 (4th Cir.1986). However, this Court is mindful that lesser sanctions should be considered, if effective, to deter improper actions. *Godley Auction Company v. Ford Motor Credit Company, Inc.*, 96–319–18 (D.S.C. 6/21/96). Rather than impose litigation ending sanctions, this Court chooses to levy monetary sanctions pursuant to Rule 37(b). The continuing delay and excuses offered by Superior and Cal West suggests that it will take Court imposed sanctions to prompt full and proper response to discovery requests and Orders in order to ensure a just, speedy and less expensive determination of this adversary proceeding.

For these reasons, the Court imposes sanctions of $10,000.00 as the reasonable expenses including attorney's fees incurred by the Plaintiff due to the failure of Superior and Cal West to comply with this Court's Orders for the period from September 29, 1996 until October 30, 1996, the date of this hearing. The Court has reviewed the pleadings in this adversary proceeding, taken notice of the entire bankruptcy case, and reviewed the affidavit submitted by counsel for the Plaintiff and finds that this amount of sanctions is reasonable. In the event that the further responses required of these Defendants by November 8, 1996 are inadequate in any way, further sanctions against Superior, Cal West and/or their attorneys may be considered.

These sanctions are to be paid to the Plaintiff, through its counsel, to compensate the Plaintiff/Debtor for the time and expense incurred as a result of the failure of Superior and Cal West to comply and are based upon Plaintiff's affidavit and this Court's intimate familiarity with these proceedings and are to be paid to the Plaintiff in certified funds within 10 days of the entry of this Order.

**AND IT IS SO ORDERED.**